UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JETAUN C. R.

                Plaintiff,

v.                                                1:20-CV-1489 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br> Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>KELLY LAGA-SCIANDRA, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br> Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KATHRYN POLLACK, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 18.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

A.     **Factual Background**

Plaintiff was born in 1972. (T. 106.) She completed high school. (T. 238.) Generally, Plaintiff's alleged disability consists of shoulder, back, and neck injury. (T. 116.) Her alleged disability onset date is January 13, 2012. (T. 106.) Her date last insured is June 30, 2015. (T. 512.) Her past relevant work consists of certified nurse assistant ("CNA"). (T. 238.)

B.     **Procedural History**

On January 10, 2013, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 106.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On January 27, 2015, and again on June 16, 2015, Plaintiff appeared before the ALJ, Eric L. Glazer. (T. 53-74, 75-105.) On November 23, 2015, ALJ Glazer issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 20-40.) On May 30, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court. On March 26, 2019, the U.S. District Court for the Western District of New York entered a decision and judgment remanding Plaintiff's case for further proceedings. (T. 619-639.) On May 15, 2019, the AC issued a Notice of Order of Appeals Council Remanding Case to Administrative Law Judge. (T. 640-644.)

On November 18, 2019, Plaintiff appeared before the ALJ, Mary Mattimore. (T. 534-580.) On June 4, 2020, Plaintiff appeared at a supplemental hearing. (T. 1357-

1397.)  On June 12, 2020, ALJ Mattimore issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 506-533.)  Plaintiff again timely sought judicial review in this Court.

**C.    The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 512-525.)  First, the ALJ found Plaintiff met the insured status requirements through June 30, 2015, and Plaintiff had not engaged in substantial gainful activity since January 13, 2012.  (T. 512.)  Second, the ALJ found Plaintiff had the severe impairments of plantar fasciitis; peroneal tendinitis; obesity; degenerative disc disease of the cervical and thoracic spine; left shoulder impingement syndrome; post left shoulder arthroscopy; right shoulder impingement syndrome, right shoulder and AC joint arthritis and right trochanteric bursitis; post right shoulder arthroscopic debridement; myalgia; and bilateral flat foot deformity.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 513.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) as follows:

> can lift and carry 20 pounds occasionally, 10 pounds frequently; can walk for 4 hours total in an 8-hour day but only for 20 minutes at any one time; can stand for 2 hours total in an 8-hour day but only for 15 minutes at any one time; can sit for 4 hours total in an 8-hour day but only for 45 minutes at any one time; with her right dominant hand or extremity can occasionally reach overhead, and frequently reach in other planes; can frequently finger, handle and feel and push pull; can frequently reach overhead with her left non-dominant extremity; can occasionally operate foot controls bilaterally; can occasionally climb stairs, ramps, ladders, scaffolds, stoop, crouch and crawl and frequently balance and kneel; can frequently work at unprotected heights; can occasionally work near moving mechanical parts, occasionally operate a motor vehicle; can have occasional exposure to extreme cold and

3

frequent exposure to extreme heat. In addition, can perform simple routine work and make simple workplace decisions not at production rate pace (defined as assembly line pace).

(T. 514.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 524-525.)

## II.  THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.  Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the vocational expert's testimony, upon which the ALJ based her finding, is inconsistent with the Dictionary of Occupational Titles and the ALJ failed to resolve the conflict.  (Dkt. No. 14 at 14-24.)  Plaintiff also filed a reply in which she reiterated her original argument.  (Dkt. No. 17.)

### B.  Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues there was no unresolved conflict between the vocational experts' testimony and the Dictionary of Occupational Titles.  (Dkt. No. 15 at 12-15.)  Second, Defendant argues the ALJ properly relied on the Dictionary of Occupational Titles.  (*Id.* at 15-17.)  Third, and lastly, Defendant argues the ALJ's RFC was supported by substantial evidence.  (*Id.* at 17-21.)

## III.  RELEVANT LEGAL STANDARD

---

[1]  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

4

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

## IV. ANALYSIS

Plaintiff argues the vocational expert's testimony did not adequately address the conflict regarding the ALJ's reaching limitations and the requirements for frequent and constant reaching as denoted by the jobs found by the ALJ at step five. (Dkt. No. 14 at 16-17.) Plaintiff asserts the vocational expert's statement that his opinion was based on his own "knowledge and experience" did not resolve the conflict. (*Id.* at 17.) For the reasons outlined below, the ALJ properly identified and resolved the apparent conflict between the Dictionary of Occupational Titles ("DOT") and vocational expert ("VE") testimony.

In general, remand may be necessary where there is an apparent unresolved conflict between a VE's testimony and the ALJ's RFC assessment. *Lockwood v.*

*Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019) ("Testimony that a claimant with overhead reaching limitations is capable of performing a job that the *Dictionary* describes as requiring 'reaching,' then, creates at least an *apparent* conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony."); *see Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 192 (W.D.N.Y. 2018) (ALJ and VE failed to acknowledge conflict between testimony and DOT and no attempt was made to resolve the conflict). However, conflicts between VE testimony and the DOT may be resolved if properly identified and explained.

Based on Plaintiff's vocational factors and RFC, the ALJ determined she could perform the occupations of: document preparer (DOT 249.587-018), call out operator (DOT 237.367-014), and trimmer (DOT 249.587-014). (T. 525.) The RFC, in relevant part, limited Plaintiff to occasional reaching overhead with her right upper extremity, frequent reaching in all other planes with her right upper extremity, and frequent reaching overhead with her left upper extremity. (T. 514.) The occupations of document preparer and trimmer require frequent reaching. DOT 249.587-018, 249.587-014. The occupation of call out operator requires occasional reaching. *Id.* 237.367-014. Reaching is broadly defined as extending arms and hands in any direction. *See id.*, App. C; SSR 85-15. There is no distinction in the DOT between degrees or direction of reaching, *i.e.*, above the shoulder or above the head and other types of reaching such as forward or downward. Therefore, there is an apparent conflict between the RFC and the DOT regarding reaching; however, the conflict was properly identified and resolved at the hearing.

At Plaintiff's supplemental hearing, the ALJ posed a hypothetical to the VE including the limitation to frequently reaching overhead with the right upper extremity and continuously reaching with the left upper extremity. (T. 1390.) Based on the hypothetical the VE testified Plaintiff could perform the occupations of document preparer (DOT 249.587-018), call out operator (DOT 237.367-014), and trimmer (DOT 249.587-014). (T. 1392.) The ALJ then posed a second hypothetical limiting Plaintiff to occasional reaching overhead with her right upper extremity, frequent reaching in all other planes with her right upper extremity, and frequent reaching overhead with her left upper extremity. (T. 1392-1393.) This second hypothetical mirrors the RFC determination. (T. 514, 1392-1393.) The VE testified that the occupations he provided would still be available. (*Id.*) At the conclusion of the VE's testimony, the ALJ asked if his "testimony [has] been consistent with the DOT" and to provide a basis to support his testimony "in particular the reaching, time off-task, absenteeism, any, any additional criteria that's not address in the DOT." (T. 1395.) The expert responded he based his testimony on his education and training as a rehabilitation counselor as well as his experience placing individuals in jobs. (*Id.*) The ALJ's question to the VE properly identified apparent conflicts between the hypothetical, which included reaching and other limitations not specifically address in the DOT. The VE's response to the ALJ's question properly resolved the conflicts.

In an attempt to resolve any conflicts, the ALJ did more than ask the "catch-all question" of whether the VE testimony was consistent with the DOT. *Lockwood*, 914 F.3d at 94 ("ALJ's catch-all question to VE did not fulfill his obligation to identify, explain and resolve apparent conflicts onto the testifying expert). The ALJ specifically inquired

of the VE about whether his testimony had been consistent with the DOT and what his testimony regarding reaching was otherwise based upon.  (T. 1395.)  The VE responded that, with regard to the reaching limitations and other conflicts, his testimony was based upon his "education and training as a rehabilitation counselor[,] as well as [his] experience placing individuals in jobs."  (T. 1395.)   The VE is allowed to rely on his experience in such circumstances. *See, e.g., Biestek*, 139 S. Ct. at 1152-53 (VE may invoke "their own experience in job placement or career counseling.") (internal quotation marks and citation omitted).  Overall, the ALJ made an appropriate inquiry and obtained a reasonable explanation as to the apparent conflict by questioning the VE.

Plaintiff also appears to argue the DOT is outdated and the ALJ's reliance on the definitions of the occupations provided in the DOT was improper.  (Dkt. No. 14 at 23.) However, courts in this Circuit have rejected the argument that the DOT is obsolete. *Michael H. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1466, 2022 WL 768658, at *14 (W.D.N.Y. Mar. 14, 2022) (collecting cases).  Under the Regulations, an ALJ can take administrative notice of job data from "various governmental and other publications" including the DOT.  20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  Therefore, Plaintiff's argument fails.

Plaintiff also makes the conclusory argument the ALJ failed to substantially support how Plaintiff's level of pain did not impair Plaintiff at a level greater than the expected tolerance.  (Dkt. No. 14 at 23.)  A review of the record and the ALJ's determination indicates the ALJ properly assessed Plaintiff's subjective complaints of pain.  Because Plaintiff fails to provide any evidence to support her contention that the

9

ALJ failed to properly assess her complaints or evidence of greater limitations, Plaintiff's argument fails.

Overall, the apparent conflicts between the VE testimony and the DOT were properly identified and resolved at the hearing; therefore, the ALJ did not err in relying on VE testimony to determine there were a significant number of jobs in the national economy Plaintiff could perform.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     October 12, 2022

*[signature: Bill Carter]*
William B. Mitchell Carter
U.S. Magistrate Judge